IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN GRUNDY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-01663 |
| DICKSON COUNTY JAIL, | ) CHIEF JUDGE SHARP |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Kevin Grundy, a convicted inmate of the Dickson County Jail in Charlotte, Tennessee, has filed this *pro se* action under 42 U.S.C. § 1983, alleging a violation of his federal rights in that facility. The matter is before the court for a ruling on the plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) In addition, the complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**A.  Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (ECF No. 2) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the Dickson County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

### B. Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.  In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that he has "2 old escape charges" and is classified as a maximum security inmate.  He alleges that jail officials have refused to assign him to a job, even one inside the facility, citing his maximum security classification, although other inmates with escape charges are allowed to work.  He alleges that he is being "singled out" due to some "personal vendetta."  He asks to be permitted to work inside the facility to earn work credits toward his sentence, or to be sent to a Tennessee Department of Correction facility where he can participate in "the proper programs or resources to rehabilitate [him.]"

Inmates have no freestanding right to a prison job under the constitution. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to

rehabilitation, education, or jobs."). The fact that the plaintiff's security classification and his confinement in a local jail rather than a state prison prevent him from working or participating in other programs does not state a claim for a constitutional violation. Inmates do not have a constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Carter v. Morgan*, 142 F.3d 432 (Table), 1998 WL 69810, at *2 (6th Cir. Feb.10, 1998) (no constitutional right to educational classes).

Because prisoners lack a right to educational, vocational or rehabilitative programs, the plaintiff's equal-protection claim fails to state a claim for relief. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). A bare allegation of a "personal vendetta" "do[es] not suffice to establish a discriminatory animus" toward the plaintiff. *Wymer v. Richland County Children Servs.*, No. 1:13-cv-0699, 2014 WL 1333688, at *4 (N.D. Ohio March 28, 2014). The plaintiff does not allege that he is being treated differently on the basis of his race or any other protected status, and his status as a maximum security inmate, or as a convicted prisoner in a county jail with access to fewer rehabilitative programs than convicted prisoners in a state prison, does not create a "suspect class" for this claim. *See id.* (a prisoner's classification does not implicate a fundamental right); *Caderno v. Thorns*, 50 F. App'x 200, 201 (6th Cir. 2002) ("Inmates have no right to be housed in a particular institution or a particular part of an institution.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). *See also Carter*, 1998 WL 69810, at *2 (noting that a "claim of being treated differently from other inmates with regard to participation in the outside educational opportunities has no constitutional underpinnings").

Finally, even if the plaintiff had otherwise stated a claim, he has not named a proper defendant. It is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and

not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

It is so **ORDERED**.

Kevin H. Sharp, Chief Judge
United States District Court